UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 03-343 |
| JOHN E. CLAIBORNE | * | SECTION "B" |

## ORDER AND REASONS

Defendant Claiborne has filed a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255.  (Rec. Doc. No. 42). For the following reasons, **IT IS ORDERED** that Defendant's motion for habeas corpus relief (Rec. Doc. No. 42) is **DISMISSED**[1].

## LAW AND ANALYSIS

Collateral review is fundamentally different from and may not replace a direct appeal.  *United States v. Frady*, 456 U.S. 152, 164-65 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5[t] Cir. 1991).  A defendant may not raise an issue (constitutional or jurisdictional in nature) for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error.  *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994).

However, even if a defendant cannot establish cause and actual prejudice, a defendant may be entitled to relief under 28

---

[1] We are grateful for the work on this case by Paul Hammer, a Loyola Law School extern with our chambers.

U.S.C. § 2255 if an error of a constitutional nature would result in a complete miscarriage of justice.  *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991).  Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232.

Claiborne did not appeal the instant judgment of conviction. Further, Claiborne failed to establish cause or actual prejudice resulting from his failure to raise these issues on direct appeal.  Aside from a meritless allegation of ineffective assistance of counsel, Claiborne provides no explanation for his failure to raise these claims.  He has not established cause for the failure to assert claims in the proper forum.  Claiborne has likewise failed to establish that a complete miscarriage of justice would result from his failure to raise these issues on direct appeal.  Thus, Claiborne is foreclosed from raising these issues in his petition for collateral review.

The Supreme Court has held that after an enhanced federal sentence has been imposed the person sentenced may pursue any channels of direct or collateral review still available to challenge his prior conviction.  *Daniels v. United States*, 532 U.S. 374, 382 (2001).  If any such challenge to the underlying conviction is successful, the defendant may then apply for

reopening of his federal sentence.  *Id.*  Several courts of appeals have agreed that a defendant who has successfully challenged his prior conviction may then file a Section 2255 motion attacking a federal sentence that was enhanced on the basis of that conviction.  *See United States v. Doe*, 239 F.3d 473 (2d Cir. 2001).  The Court this past term held, "[P]rior to the state vacatur, which *Daniels* makes a necessary condition for relief in most cases, a petitioner cannot obtain relief under § 2255."  *Johnson v. United States*, 125 S.Ct. 1571, 1597 (2005).

Similar to the defendant in *Daniels*, Claiborne's federal sentence was properly enhanced on the basis of facially valid prior state convictions.  532 U.S. at 384.  Further, like the defendant in *Daniels*, Claiborne failed to pursue remedies that were otherwise available to him to challenge his convictions; therefore, he may not now use a § 2255 motion to collaterally attack those convictions.  *Id.*  There is no evidence that Claiborne sought to officially challenge the three underlying convictions used to qualify his as a career offender.  Thus, because Claiborne has not challenged nor received vacatur of the underlying state convictions used to enhance his federal sentence, there are no current grounds for granting his petition for re-opening the federal sentence.

The Supreme Court has allowed defendants to raise claims not typically cognizable on collateral review by framing them as

3

ineffective assistance of counsel claims.  *See Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)(habeas relief as available through the federal courts regardless of the alleged attorney error).  Such claims must meet the rigorous standard of *Strickland v. Washington*, 466 U.S. 688 (1984), which requires the defendant to demonstrate both (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that but for the error, the outcome would have likely been different. *Id.* at 687.  Nonetheless, despite the wide scope of § 2255 covering due process claims regarding enhancement of federal sentences, "when such a due process claim is predicated on the consideration at sentencing of a fully expired prior conviction, the goals of easy administration and finality have ample horsepower to justify foreclosing relief under 2255."  *Daniels*, 532 U.S. at 383.  The three state convictions used to enhance Claiborne's sentence have fully expired (PSI, par. 31, 33, 25).

Furthermore, unless Claiborne has been "uncounseled" during a prior conviction, when the record reveals no indication of a facially invalid prior conviction, his counsel at sentencing could not have successfully challenged the constitutionality of the prior conviction.  *Songes v. Hargett*, 61 F.3d 410, 420 (5th Cir. 1995);  *see also United States v. Clark*, 284 F.3d 563 (5th Cir. 2002)("[Petitioner] never attempted any attack, by direct appeal or otherwise, on his challenged 1983 state convictions (at

which he was represented by counsel) until 1996; some four years
after the federal sentence, he seeks to attack his 1997 section
2255 petition as having been enhanced by the allegedly invalid
1983 state convictions."). Claiborne was represented by counsel
in each of his prior convictions. (PSI, par. 32, 34, 36). As
noted previously, Claiborne never challenged the prior state
convictions used to enhance his federal sentences. Even if
collateral review of the state convictions was possible, he has
not availed himself to that option. Thus, Claiborne's claim of
ineffective assistance of counsel at his federal sentencing is
not valid.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the instant
2255 motion be **DISMISSED**.

New Orleans, Louisiana, this 9th day of March, 2006.

UNITED STATES DISTRICT JUDGE